The case is United States v. Rico. It is docket 20-1050. Mr. Hopkins, please proceed when you're ready. Yes, I'm pleased to court. I'm Lance Hopkins. I'm here for Mr. Rico. This is a one-issue appeal and our contention is that the district court erred in overruling Mr. Rico's objection to attempted murder enhancement in the precedent's report. There was no proof by a preponderance of the evidence that Mr. Rico was not acting in self-defense at the time he fired his firearm in the direction of Mr. Wright. Rico was shot at multiple times by Wright which resulted in bullet wounds to Rico's thumb and his arm. Wait just one moment right there so I'm sure that I understand we're on the same page. We have to accept the district court's fact findings unless you show us that they're clearly erroneous. So accepting those fact findings, where are you? Well those were the facts that was in the record. These guys encountered each other and shot at each other basically. There are more facts than that though. The district court sets out the sequence and who initial aggressor was and so forth and so for you to prevail you have to overcome those facts one of two ways. The facts don't matter because I still win or number two that the district court was clearly in error in finding those facts. Okay well I really do believe that in this situation what we really have we had two guys that you know to be honest was were from probably from rival gangs or had connections to rival gangs. They encountered each other and they saw each other and the shots were immediately fired. Our contention and both both were hit both guys were my guy was was shot in his arm and and shot in his hand has damage to his hand and the other guy was was hit as well. And our argument is this is that when these when these guys that this all happened so fast that there's just no way that you could that on these records that can be proved by preponderance the evidence that my client was not acting in self-defense. So so part of the I've got two questions for you one of them is is is it your contention that the government had to as part of its case refute your self-defense claim that they had to prove that that was wrong. I mean typically self-defense is an affirmative defense that would be your burden to prove. Well I do believe that that in the record the objections to the recent report and at the at the hearing that my client's counsel they put forth enough evidence that he was acting in self-defense to to rebut that. Okay so I just want to get past the idea I mean you're not saying are you or are you not saying that it was the government's job to prove that there wasn't self-defense. I mean you had an initial burden didn't you of proving that your client acted in self-defense didn't you have to make some showing there yourself? Yes your honor and I think that showing was made with the objections to the precincts report and in the record and the law enforcement reports. Okay and now my next question is is that the record evidence that the district court seemed to rely on as I read it was there was a security guard who said that your client shot first. What's the evidence that your client didn't shoot first to controvert that? Well I'll candor your honor I I think my client probably did shoot first however the the other guy was in the process of also shooting him first it was it was it was kind of a wild west type scene out there for sure. How much time how much time separated the two shots from your guy and the other guy? They were almost simultaneous from my reading of the record almost simultaneous. I mean it was it was all at once for the most part but what I would also like to point out to the court is that Wright was the guy that that my client had this exchange exchange a gunfire with his Wright's actions after being shot were consistent with him being the initial aggressor. Wright was shot in the right in the right thigh as with any gunshot wound the injury could have been life-threatening but Wright did not call 9-1-1 he did not seek immediate medical attention or immediate medical treatment and he did not report the shooting to law enforcement. But aren't those behaviors equally explainable as just a gang fight? I mean even if he if it was not the initial shooter I would think that those same motivation that his potential being complicit in a gang shooting would be enough that he'd want to stay off the radar screen. That that's a valid point your honor but but it's also consistent with somebody uh being the initial aggressor. Okay did your client call 9-1-1? I can't recall if he called 9-1-1 but he went immediately to the hospital and got medical attention. Okay I mean he was I mean he was apprehended by police wasn't he? Okay so the reason he received immediate medical condition or treatment was because he was apprehended. That's possible I mean I don't know whether he would have sought immediate medical attention or not you know when this happened. I thought that he drove I thought that he had somebody drive him away rather than being taken from the scene in a hospital or anything and that he was dropped off at a more remote hospital. That was the other guy that was Wright. Yeah I thought that's who we're talking about. No no he's talking about your guy. Okay I'm sorry yeah yeah yeah yeah Wright was taken to uh he was dropped off at the hospital at Rose Medical Center which is almost five miles from downtown Denver and there are a lot of other hospitals closer to downtown Denver than Rose Medical Center such as Denver Health. And when he got to the hospital he lied the evidence is he lied to the medical people as to what happened. Now are you talking about your guy or are you talking about Wright? I'm talking about Wright. Yeah the Wright but when he got to the hospital his evidence is he had he told the people at the hospital that two guys drove him to the hospital and dropped him off. He would not give the names of those two guys and he told the people at the hospital that he made up a story as to how he was shot and who shot him and he refused to give the extremely evasive. Counsel do you I mean it sounded like when you started off your argument you were talking about the preponderance standard. Do you you concede that that's the standard that applies here the preponderance of the evidence standard as opposed to clear and convincing? Yeah I think so the the uh his counsel at district court made a big argument out of a clear and convincing standard and uh cited some ninth circuit case law and in in my opening brief I talked about that quite a bit but as I reflected on it and looked at it um I think if this court will probably find it is a preponderance of the evidence standard so in our reply brief and from this point on you know our preponderance of the evidence standard as opposed to a clear and convincing there's just no evidence even by a preponderance of the evidence standard that that he was not acting in self-defense and that he was not the initial aggressor. In all candor what I think we have here is we have two guys that got in a gunfight and there's really no way to tell who was the original aggressor there really really isn't there's really no more evidence than my that my guy my client was the initial aggressor than the other guy it it's it's in all candor it's a wild west situation for sure. Judge Bremmer was more careful than that he went through what the video showed he went through what the witnesses said and he concluded as a matter of fact that your client was the initial aggressor and that your client provoked the confrontation and those I think are fact findings subject to clear error and so I don't know that it does it for you to come in and say well I disagree with Judge Bremmer you have to show us why what Judge Bremmer said was clearly erroneous those fact findings and he had a basis he explains in the record at the sentencing all of the reasons that he comes to that conclusion he doesn't just come out of left field with that. Well that's true he did spend a lot of time and was very thorough on that but but I do believe that when this court looks at the record and looks at the facts that this all happened simultaneously. Okay so let's let's assume that let's assume that they drew their guns at the same time and started firing at each other. Wouldn't the government still be able to support the enhancement on that basis? I mean isn't it the same that your client on the same evidence that Judge Bremmer could have could have found that your client was was a shooting at the other guy with the intent to kill? I don't think so because I can make just as strong an argument that you could make the facts also support self-defense that if you look at I mean this all happened simultaneous all at once it was the other guy was also shot him my guy had two bullet wounds. Right well I mean the other guy may have had the intent to kill too. I mean so if you take self-defense off the table do you lose? Probably in all can all candor but I think we do have self-defense or I think you could not find a stronger case of self-defense than my client in his situation that night. I mean he had a guy shoot at him and and it also the guy's behavior after he was shot he goes to a hospital that's five miles away from downtown there are a lot of other close hospitals closer to downtown Denver takes him 45 minutes to get to the hospital. But even before the shooting it looks like Rico was kind of a provocateur. I mean he opened up his his coat or whatever it was to show a gun on his on his waistband and he flashed gang symbols so if you are the provocateur and that provocation turns out to be successful and you go the other guy into taking the first physical act against you can you then claim self-defense? Well I mean I'll be the first to admit that my client's no choir boy but the guy that we're not using the choir boy standard but but my question is simply if you provoke the other person to take the first act of violence can you then assert self-defense because you provoked the initial assault against you or do you have to prove that you did not unreasonably provoke the first attack against you? I think here it's really not all that clear that he necessarily provoked question I'm asking a legal question. Probably not in all candor. Okay thank you. I've just got a minute left so I'll reserve that minute. Well Ms. Malani. May it please the court. Elizabeth Ford Malani for the government. This court should affirm Mr. Rico's sentence. The district court properly applied the cross for attempted murder. Mr. Rico's own admission dooms his self-defense claim. He stipulated that he fired first making him the initial aggressor on these facts. Now the language of the stipulation is that Mr. Wright returned fire but the clear implication of that was that he fired first and not only was that the clear implication that's what defendant understood the implication of that statement and his plea agreement being because he later challenged then withdrew whether he fired first. Now it's not just defendant stipulation on this point there's other evidence in the record as well. For instance D.D. the security guard testified that the person not testified rather excuse me in his interview with police he said that the person in blue which matched Mr. Rico's description shot first. He said that after the person in blue fired five or six shots the person on the other side of the street returned fire and T.H. another person interviewed by police said he only saw one person with a gun and it was not Mr. Wright. So I think that in this case this fact alone supports the district court's conclusion that Mr. Rico was the initial aggressor. He fired first on these facts. Not only that I disagree with opposing counsel's contention that the shooting was somehow simultaneous and it was a duel in some way that both persons were drawing their weapons at some time. The record doesn't say that. We don't know that from the record. What we do know is that after Mr. Rico fired several shots there was return fire but I disagree that the shooting was simultaneous in this way. So what so what if it was simultaneous? Don't you think you still win anyway? Probably your honor and I think that for a couple reasons. First of all as the district court found the defendant provoked any attack. Now the district court didn't cite the Colorado statutory exception to self-defense of provocation but I think that those facts have provided basis for that exception here. Defendant paced through the parking lot throwing gang signs using gang related language and as the PSR points out Mr. Wright and Mr. Rico were each members of two different gangs with issues. So I think under provocation exception defendants still wouldn't be entitled to use self-defense and I think also we just don't have any facts that at the time defendant fired he was doing so because he saw Mr. Wright with a gun or Mr. Wright was threatening him. The reality is the record just doesn't disclose what Mr. Wright was doing before these moments before he returned fire. So I think that also forecloses self-defense for defendant here. I agree that with counsel's concession that this is a preponderance of the evidence standard. The question is were did the did the government prove by a preponderance of the evidence that the cross-reference was applicable here and it did and while defendant cites Mr. Wright's actions after the fact you know going to a different hospital than he needed to necessarily go to not being entirely canned with how this happened while those could have given rise to a different inference about what happened the question on clear air review is what facts support the district court's conclusion and is it supported and in this case that initial aggressor exception is supported by defendants own admission in the stipulated facts in the plea agreement. If there's any other questions I'm happy to answer them but I did want to distinguish the Stroman case that my opponent cites from the second circuit. So in that case the cross-reference was inapplicable in that scenario because the district court never found that there was the requisite mental state for purposes of attempted murder. That's not the case here. Here the court said you're attempting to kill that person and under the plain language of Stroman that is an adequate finding. If I can answer any other questions. Well I'm just curious I know that Mr. Wright was on one side of the street Rico was on the other side. How how wide was the street? Was it a typical like 30 feet or so or was there any evidence about how wide the street was? Not I don't believe there's any evidence about it. My memory of the halo cam footage was it was like two lanes on one side in a one-way street. That's my memory but you know I don't want to pin myself to that because I don't entirely remember. Okay thanks. Certainly if there are any other questions I can answer for the court. I think the cross-reference was appropriately applied here. The district court's findings have record support and because the defendant was not entitled to use force in self-defense the cross-reference was proper and Mr. Rico's sentence should be affirmed. Thank you. One other thing I'd like to point out there was another party another defendant involved in these set of facts and I believe the government has admitted that my client Mr. Rico was not the one that shot the innocent bystander. There was an innocent bystander that was shot and nearly died but the evidence is that that innocent bystander was shot by my client's co-defendant not by him. The bullet fragment discovered in the area where the innocent bystander was struck did not come from my client's guns but it instead it matched the gun possessed by his co-defendant. I think that's important to point out so he did not shoot the innocent bystander. I see I'm about out of time so I appreciate it. Thank you. Thank you both for your arguments and the case is submitted.